IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL INK AND STITCH, LLC,
7610 Meadow Run Lane
Owings Mills, MD 20736

Plaintiff,

v.

STATE AUTO INSURANCE COMPANIES
518 East Broad Street
Columbus, OH 43215

SERVE ON:
Al Redner, Jr.,
Maryland Insurance Commissioner
525 St. Paul Place
Baltimore, MD 21202

Defendant.

Civil Action No. ____________________

* * * * * * * * * * * * * * * * * * * *

**COMPLAINT**

Plaintiff National Ink & Stitch, LLC, by its undersigned attorney, files this Complaint against the Defendant, State Auto Insurance Companies, and alleges as follows:

1. This is an action for declaratory judgment, pursuant to 28 U.S.C. §§2201 and 2202 and/or Section 3-406 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland, for the purpose of determining an actual controversy between the parties, and also for compensatory damages, as hereinafter more fully appears.

2. Plaintiff, National Ink & Stitch, LLC ("Plaintiff"), is a limited liability company, formed and organized in Maryland, with its principal place of business in Owings, Maryland. Plaintiff provides embroidery and silk-screening services and related promotional items and materials, for individuals, associations, and businesses. All of Plaintiff's members are residents of Maryland, and Timothy Manley is the managing members.

3. Defendant State Auto Insurance Companies ("State Auto") is a corporation, whose headquarters and principal place of business are located in Columbus, Ohio, which is authorized to write insurance contracts and transact business in the State of Maryland, including in this judicial district, and which issues insurance policies and transacts business in Maryland, including the insurance policy and transaction of business out of which this Complaint arises.

4. This Court has subject-matter jurisdiction over this action in accordance with 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and all of its members, and State Auto, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## FACTS COMMON TO ALL COUNTS

5. On or about April 7, 2016, State Auto issued to Plaintiff a Businessowners Policy, Policy No. BOP 2870198 00 ("the Policy"), for the policy period 03/31/16 to 03/31/17. A copy of the Policy is attached hereto as Exhibit A.

6. Included as part of the Policy was a Businessowners Special Property Coverage Form, BP0002 (12/99) ("Special Property Coverage"), with liability limits of $310,000 for covered losses to "Business Personal Property." Under the Special Property Coverage, Plaintiff was covered for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

7. "Covered Property," under the Special Property Coverage, includes "Business Personal Property located in or on the buildings at the described premises or in the open (or in a vehicle, within 100 feet of the describe premises, including . . . Property you own that is used in your business."

8. "Covered Causes of Loss," under the Special Property Coverage, are: "Risks Of Direct Physical Loss unless the loss is: a. Excluded in Section **B.**, Exclusions, or b. Limited in Paragraph **A.4**, Limitations; that follow." None of those Exclusions or Limitations are applicable to the property damage claims at issue in this action.

9. All of the property damage at issue in this case was to property owned by Plaintiff, used in its business, and located at the premises described in the Declarations to the Policy, 7610 Meadow Run Lane, Owings, Maryland, 20736.

10. On or about December 18, 2016, Plaintiff discovered that its computer system had been infected by a malicious ransom ware virus called Locked-In, which completely shut down Plaintiff's computer system, and destroyed Plaintiff's software and data, including hundreds of

thousands of dollars of artwork and other proprietary data, as well as financial software. Plaintiff incurred substantial amounts to pay a computer expert, Thomas Blandford of eTrepid, to locate and deal with the Locked-In ransom ware virus. Mr. Blandford recommended that Plaintiff replace its computer system because the virus was likely to continue to infect one or more files or programs on the computer system and replacement of the system would be less expensive, and would cause less business interruption than "wiping" the existing system and reinstalling everything on the existing system.

10. The costs for eTrepid to locate and deal with the Locked-In ransom ware virus, to replace the computer system, to replace the ProfitMaker System software and add-ons destroyed by the virus, and to replace the art and other business data lost because of the Locked-In ransom ware virus far exceed the $310,000 applicable limit for damage to Plaintiff's Business Personal Property under the Special Property Coverage and any other available coverages under the Policy.

11. On or about December 16, 2016, Plaintiff made a timely and proper claim to State Auto under the Policy for payment of the loss to its Business Personal Property and other losses caused by the Locked-In ransom ware virus.

12. State Auto took almost a year to the day to provide its decision on Plaintiff's December 16, 2016, claim. By letter, dated December 15, 2017, Ashley Manning, AIC, a Commercial Claims Adjuster Senior for State Auto, informed Plaintiff that the claim was being

denied with the exception of a small payment under the Data Compromise Plus Coverage Form of the Policy.

13. The only ground stated by State Auto, via Ashley Manning, for denying coverage under the Special Property Coverage Form, and other coverages addressed in her letter, was that the computer system, even if still infected with the Locked-In ransom ware virus, "is fully operational, therefore replacing the equipment is a preventative measure and not the result of direct, physical damage to the computer hardware." In her letter, Manning acknowledges that the computer system was infected by the Locked-In virus and that, despite their best efforts to eradicate the virus, eTrepid and Thomas Blandford recommended the replacement of all hardware, *i.e.*, the computer system, as they could not guarantee that the virus was not dormant in the system, and that replacement was more cost-effective than wiping the current system clean and reimaging and rebuilding the system, which would require the Plaintiff's business to shut down for two weeks plus the cost of the work. Manning's letter did not expressly address coverage for the other components of Plaintiff's claim under the Special Property Coverage or other coverages but, by necessary implication, the entirety of the claim, other than $5,000.00 paid under the Data Compromise Plus Coverage Form, was being denied based on State Auto's assertion that there had been no "direct, physical loss of or damage to" the computer hardware or other tangible property. A copy of the Manning December 15, 2017, letter is attached as Exhibit B.

14. On February 19, 2018, undersigned counsel for Plaintiff e-mailed and mailed a letter to Manning explaining why the Locked-In ransom ware virus caused a "direct physical loss of or damage to" Plaintiff's computer hardware, software, and data, all of which was property owned by Plaintiff and used in its business and, thus, was covered "Business Personal Property." Counsel requested that State Auto reconsider the denial of coverage expressed in the December 15, 2017, letter.

15. It took State Auto almost two months to respond to undersigned counsel's letter. On April 4, 2018, Sherri King, another claims representative of State Auto, after several e-mails and telephone calls to Ashley Manning about the status of State Auto's position in light of counsel's letter, responded in a letter to undersigned counsel. Simply advising that State Auto was maintaining the position it set forth in Manning's December 15, 2017, letter, without addressing any of the points raised in undersigned counsel's February 19, 2018, letter. A copy of King's April 4, 2018, letter is attached as Exhibit C.

**Count One (Claim for Declaratory Judgment)**

16. The allegations in paragraphs 1 through 15 are incorporated herein by reference as if fully re-alleged.

17. An actual controversy exists between the parties to this action, who have antagonistic positions or claims, as to whether State Auto is obligated to pay all or part of the claim made by Plaintiff for the losses in question.

18. A declaration by this Court as to the rights, status, and duties of the parties with respect to the Policy in question would terminate the controversy and would remove the presently existing uncertainty as to the rights of the parties.

WHEREFORE, Plaintiff National Ink and Stitch, LLC, respectfully requests that this Court enter a declaratory judgment:

(a) declaring that Defendant State Auto Insurance Companies has an obligation, under the Policy, to pay the claim at issue, in the amount of $310,000, the limit of insurance for property damage claims covered under the Special Property Coverage of the Policy, and/or in the amount of the limits of insurance under any other coverages under the Policy;

(b) declaring that Defendant State Auto Insurance Companies is required to pay Plaintiff for the amount of said loss, plus legal fees, costs and expenses incurred by Plaintiff in connection with this action;

(c) awarding Plaintiff prejudgment interest and costs in this action, and

(d) awarding Plaintiff such other and further relief as in law or in equity it may be entitled to receive.

**Count Two (Breach of Contract)**

19. The allegations in paragraphs 1 through 15 are incorporated herein by reference as if fully re-alleged.

20. Plaintiff has complied with all terms and conditions of the Policy in connection

with its claim for losses arising out of the infection of its computer system by the Locked-In ransomware virus.

21. The failure and refusal of State Auto to pay those losses and/or the claim submitted by Plaintiff is in breach of the contract of insurance between State Auto and Plaintiff.

22. As a result State Auto's breach of contract, Plaintiff has been damaged, including by having to pay and/or incur the losses in question, without reimbursement by State Auto.

WHEREFORE, Plaintiff National Ink and Stitch, LLC, seeks entry of judgment in its favor against State Auto Insurance Companies, for compensatory damages, in the amount of $310,000.00, plus any additional amounts covered by the Policy and shown to have arisen from the losses in question, plus prejudgment interest, costs and attorneys' fees.

Kathleen M. McDonald
Federal Bar No. 00764
Kerr McDonald, LLP
111 South Calvert Street, Suite 1945
Baltimore, Maryland 21202
(410) 539-2900
(410) 539-2956 (FAX)
kmcdonald@kerrmcdonald.com

*Attorney for Plaintiff National Ink and Stitch, LLC*

M4326.docx