IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL INK AND STITCH, LLC,   \*
7610 Meadow Run Lane
Owings Mills, MD 20736          \*

                                       \*

         Plaintiff,                     Civil Action No. 18-cv-2138-CCB_

                                       \*
v.
                                       \*

STATE AUTO PROPERTY AND
CASUALTY INSURANCE            \*
COMPANY
         Defendant.                 \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CROSS-MOTION OF NATIONAL INK & STITCH, LLC, FOR SUMMARY JUDGMENT**

Plaintiff National Ink & Stitch, LLC, by its undersigned attorney, files this Cross-Motion for Summary Judgment. As explained more fully in the Memorandum of Law in support of this motion and in opposition to the motion for summary judgment filed by State Auto Property and Casualty Insurance Company, the only legal issue presented by the cross-motions for summary judgment is whether Plaintiff National Ink & Stitch suffered a "direct physical loss" to "Covered Property" as a result of the ransomware attack it suffered in December 2016. There is no dispute: (i) that the ransomware attack "froze" and/or corrupted virtually of the data and software stored on National Ink & Stitch's computer server; (ii) that this data and software remains unusable or inaccessible to this day; (iii) that the measures that have been used since the attack to address the effects of the ransomware and prevent its reinfection of the

software and data that had to be replaced and reinstalled during the pendency of National Ink & Stitch's unsuccessful efforts to have State Auto pay its claim have caused the system to be slower and suffer a loss of functionality; (iv) that the only way to ensure that the 2016 ransomware virus likely still in the computer system does not inadvertently become reactivated so as to re-infect the new data and software is either to "wipe" the entire system and reinstall all of its software or to purchase a new server and components, and (v) that the latter option is the least expensive and least disruptive.  Nor is there any dispute that the electronic data and software that was lost or corrupted is "Covered Property," under the express language of the policy.  Despite this, State Auto has refused to pay National Ink's claim on the grounds that the data and software stored in the computer service is "intangible property," and, thus, cannot suffer "direct physical loss."  State Auto's position is against the weight of the case law. Indeed, State Auto's own policy language must either be interpreted as treating computer data and software as tangible property capable of suffering "direct physical loss" or the first-party coverage it accords to "electronic media," as "Covered Property," is illusory.

WHEREFORE, National Ink & Stitch, LLC, moves that its summary judgment motion be granted, that this Court enter a declaratory judgment that it suffered "direct physical loss of or damage to its "covered property," and that State Auto's motion for summary judgment be denied.

                                                  */s/ Kathleen M. McDonald*
                                                  Kathleen M. McDonald
                                                  Federal Bar No. 00764
                                                  Kerr McDonald, LLP
                                                  111 South Calvert Street, Suite 1945

Baltimore, Maryland 21202
(410) 539-2900
(410) 539-2956 (FAX)
kmcdonald@kerrmcdonald.com

*Attorney for Plaintiff National Ink and Stitch, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November, 2019, National Ink & Stitch, LLC's, cross-motion for summary judgment and memorandum of law in support were e-filed and were served, by e-mail and U.S. Mail, on the following:

Matthew Malamud, Esquire
Timony Knox, LLP
400 Maryland Drive
Fort Washington, PA 19034

*Counsel for Defendant State Auto Property and Casualty Insurance Company*

_____
Kathleen M. McDonald

M4929A.docx

3