IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL INK AND STITCH, LLC<br>Plaintiff,<br><br>v.<br><br>STATE AUTO PROPERTY AND<br>CASUALTY INSURANCE COMPANY<br>Defendant. | CASE NO.: 1:18-cv-02138-SAG |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY
JUDGMENT AND REPLY MEMORANDUM IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant, State Auto Property and Casualty Insurance Company, by and through its undersigned counsel, Timoney Knox, LLP, hereby submits the instant Opposition to Plaintiff's Cross-Motion for Summary Judgment and Reply Memorandum in Support of Motion for Summary Judgment pursuant to Local Rule 105(1).

**PRELIMINARY STATEMENT**

As anticipated, Plaintiff relies on *American Guar. & Liab. Ins. Co. v. Ingram Micro, Inc.*, 2000 U.S. Dist. LEXIS 7299 (D.Az. April 19, 2000) and *Ashland Hospital v. Affiliated FM Ins. Co.*, 2013 U.S. Dist. LEXIS 11730 (E.D.Ky. Aug. 14, 2013) to support its entitlement to summary judgment. For the reasons stated in State Auto's Memorandum in Support of Motion for Summary Judgment [ECF No. 35-1], those cases are consistent with *Ward Gen. Ins. Services, Inc. v. Employers Fire Ins. Co.*, 7 Cal.Rptr. 3d 844 (Cal.App. 2003) and, as such, actually support State Auto's entitlement to judgment as a matter of law because there has been no damage to tangible property, only electronic data, and, therefore, no direct physical loss.

State Auto files the instant Opposition and Reply Memorandum to address inaccuracies in Plaintiff's Statement of Additional Undisputed Material Facts, additional legal authority raised in

Plaintiff's Cross-Motion for Summary Judgment, and new arguments concerning Maryland's treatment of computer software for sales tax purposes and illusory coverage.

I.   **RESPONSE TO STATEMENT OF ADDITIONAL MATERIAL FACTS**

Plaintiff states that "[i]n the immediate aftermath of the ransomware attack, employees could not use any of the computers, although they came to work because they were still able to do work because they were still able to use the phones, print t-shirts, and do embroidery jobs." *See* Plaintiff's Memorandum in Support of Cross-Motion for Summary Judgment [ECF No. 36-1], p. 3. This statement, which does not refer back to the record, is contradicted by the deposition testimony of Timothy Manley, Plaintiff's principal.

During his deposition, Mr. Manley was asked what other problems occurred as a result of the ransomware event. Transcript of the Deposition of Timothy Manley ("N.T."), p. 54. Mr. Manley responded, "Just files wouldn't open." *Id*. Mr. Manley did not say that he was unable to use any of his computers as a result of the ransomware event. To the contrary, Mr. Manley acknowledged that the computer system could still be used for printing, and he did not recall ever being told by eTrepid's representative that he could not use the computer system. *Id.*, p. 66.

Plaintiff also states that it "was able to access the computers (but not the "locked" data and software, which have largely never been accessed or restored) approximately a week after the attack." Plaintiff's Memorandum in Support of Cross-Motion for Summary Judgment [ECF No. 36-1], p. 4. This statement also mischaracterizes Mr. Manley's testimony on this issue.

Mr. Manley testified that *he permitted* his employees to use the computer system again after eTrepid put some security measures in place, which occurred approximately five or six days after the ransomware event. N.T., p. 80. Thus, it is not a question of ability, but rather permission

for Plaintiff's employees to resume use of the computer system. Manley was not ever told that he could not use the computer system. *Id.*, p. 66.

## II. ARGUMENT

### A. DAMAGE TO ELECTRONIC DATA, WITHOUT ACCOMPANYING DAMAGE TO THE MEDIUM ON WHICH IT IS STORED DOES NOT CONSTITUTE A DIRECT PHYSICAL LOSS.

A loss of electronic data, with no corresponding damage to tangible property, does not constitute a "direct physical loss." *Ward Gen. Ins. Services, Inc. v. Employers Fire Ins. Co.*, 7 Cal.Rptr. 3d 844, 851 (Cal.App. 2003). *See also State Auto Prop.& Cas. Ins. Co. v. Midwest Computers & More*, 147 F.Supp. 2d 1113, 1116 (W.D.Okla. 2001) ("Alone, computer data cannot be touched, held, or sensed by the human mind; it has no physical substance. It is not tangible property"). Each of the cases cited in Plaintiff's Cross-Motion for Summary Judgment support application of this rule.

#### 1. *Wakefern Food Corp. v. Liberty Mut. Fire Ins. Co.* is inapplicable to this case.

In addition to the cases already addressed in State Auto's Memorandum in Support of Motion for Summary Judgment, Plaintiff relies on *Wakefern Food Corp. v. Liberty Mut. Fire Ins. Co.*, 968 A.2d 724 (N.J.Super.App.Div. 2009). The *Wakefern* Court did not address whether loss of use of electronic data, with no corresponding damage to tangible property, constitutes a direct physical loss. Rather, the court found that an electrical plant and equipment (tangible property) suffered a direct physical loss because they were physically incapable of performing their essential function. *Wakefern*, 968 A.2d at 734.

*Wakefern* has no application here since Plaintiff's computer system was not rendered physically incapable of performing its essential function. The system continued to function after the ransomware event and Plaintiff has been able to accommodate new orders. *Id*. N.T., p. 80-81, 107. Plaintiff's ability to perform its business operations is not any different now than it was prior

to the ransomware event. *Id.*, pp. 107-108. Plaintiff is using the same computer system now that it was using at the time of the ransomware event. *Id.*, p. 107.

By Plaintiff's own admission, the ransomware event had no effect beyond limiting access to intangible electronic data. Plaintiff's computer equipment continued to function, and Plaintiff has never been prevented from operating its business. Even under the interpretation offered by Plaintiff, Plaintiff's computer system has not suffered a direct physical loss, and, therefore, State Auto is entitled to judgment as a matter of law.

### 2. *Comptroller of the Treasury v. Equitable Trust Company* supports State Auto's entitlement to judgment as a matter of law.

Plaintiff relies on *Comptroller of the Treasury v. Equitable Trust Company*, 464 A.2d 248 (Md. 1983), to argue that electronic data constitutes tangible property subject to Maryland's sales tax. Plaintiff's reliance on this case is misplaced.

In *Equitable Trust Company*, the Maryland Court of Appeals held that computer software stored on a magnetic tape was subject to Maryland's sales tax. 464 A.2d at 261. That decision was based largely on the tangible medium on which the software was delivered. *Id.*, 260-61. More importantly, the Court recognized that electronic data was intangible, but, for purposes of the sales tax, could not be separated from the tangible medium on which it is stored. *Id*.

The distinction between intangible electronic data and a tangible storage medium is precisely what is addressed in *Ward Gen. Ins. Services, Inc. v. Employers Fire Ins. Co.*, 7 Cal.Rptr. 3d 844, 851 (Cal.App. 2003). Under *Ward*, loss of intangible electronic data, with no corresponding damage to tangible property, does not constitute a direct physical loss. The Maryland Court of Appeals' analysis in *Equitable Trust Company*, *supra*, supports this result.

In light of the foregoing, State Auto is entitled to judgment as a matter of law.

### 3. The Policy's Electronic Media and Records Coverage is not Illusory.

4

Finally, Plaintiff argues that acceptance of State Auto's interpretation of the Policy renders the coverage provided by the Computer Coverage Form[1] illusory. Plaintiff is incorrect. The fact that coverage is limited by the Policy's terms does not mean that the coverage is illusory. *See Marshall v. Selective Way Ins. Co.*, 2015 U.S. Dist. LEXIS 30889 (D.Md. 2015).

Under the Policy's Businessowners Special Form Computer Coverage Form, Business Personal Property is defined as, *inter alia*, Electronic Media and Records. *See* Exhibit "A," BP0434C (01/97), p. 1 of 2. This term is further defined as "electronic data processing, recording, or storage media," and "[d]ata stored on such media. *Id*. Identical policy language was interpreted in *Lambrecht & Assocs. v. State Farm Lloyds*, 119 S.W. 3d 16 (Tex.App. 2003), a case decided consistently with *Ward*, *supra.*

In *Lambrecht*, unlike here, the plaintiff's computer system stopped being able to perform its essential function; the computer would not boot up, could not locate and retrieve stored information, performed "illegal functions" and, ultimately, froze. This prevented the plaintiff from retrieving any stored information or inputting any new information. *Id.*, at 19. The *Lambrecht* Court held that the plaintiff's loss was physical because *"the server falls within the definition of 'electronic media and records' because it contains a hard drive or 'disc' which could no longer be used for 'electronic data processing, recording or storage."* *Id*. at 25 (emphasis added). The Court also separately noted that coverage was provided for the data stored on the server because it was "data stored on such media." *Id*. Therefore, consistent with *Ward*, *supra*, coverage was available for intangible loss of electronic data, which was accompanied by damage to tangible

---

[1] In raising this argument, Plaintiff concedes that, if Plaintiff's loss is covered (which it is not), coverage would be provided under the Businessowners Special Form Computer Coverage Form, not under the Businessowners Special Property Coverage Form. Plaintiff's Memorandum in Support of Cross-Motion for Summary Judgment [ECF No. 36-1], p. 10 (arguing that electronic data is Covered Property under the Computer Coverage Form).

property (i.e. the server). The *Lambrecht* Court did not interpret the Computer Coverage Form as providing coverage for loss of access to electronic data alone.

Since coverage is available for loss of electronic data under the circumstances presented in *Lambrecht*, *supra*, the coverage provided by the Computer Coverage Form is not illusory. *See Marshall*, *supra*. Here, Plaintiff's computer system continued to function. N.T., pp. 80-81. Therefore, no covered loss occurred.

Because Plaintiff has not suffered a direct physical loss to its electronic media and records, no coverage is available the loss of use of its electronic data, and State Auto is entitled to judgment as a matter of law.

### III. CONCLUSION

Based on the foregoing, Defendant, State Auto Property and Casualty Insurance Company, respectfully requests that this Honorable Court enter summary judgment in its favor.

> Respectfully submitted,
>
> **TIMONEY KNOX, LLP**
>
> By:   s/Matthew B. Malamud
>      MATTHEW B. MALAMUD, ESQUIRE
>      Federal Bar No.: 20724
>      400 MARYLAND DRIVE
>      FORT WASHINGTON, PA 19043
>      215-646-6000
>      215-646-0379 (fax)
>      mmalamud@timoneyknox.com
>      *Attorney for Defendant*
>      *State Auto Property and Casualty Insurance Company*

Dated: December 2, 2019

1394913-1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **NATIONAL INK AND STITCH, LLC**<br>**Plaintiff,**<br><br>v.<br><br>**STATE AUTO PROPERTY AND**<br>**CASUALTY INSURANCE COMPANY**<br>**Defendant.** | **CASE NO.: 1:18-cv-02138-SAG** |

## CERTIFICATE OF SERVICE

I, Matthew B. Malamud, Esquire, hereby certify that the foregoing Opposition to Plaintiff's Cross-Motion for Summary Judgment and Reply Memorandum in Support Motion for Summary Judgment was filed electronically with the Clerk of the Court for the United States District Court for District of Maryland and is available for viewing and downloading from the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

        **TIMONEY KNOX, LLP**

By:    s/Matthew B. Malamud
      MATTHEW B. MALAMUD, ESQUIRE
      400 MARYLAND DRIVE
      FORT WASHINGTON, PA 19043
      215-646-6000
      215-646-0379 (fax)
      mmalamud@timoneyknox.com
      *Attorney for Defendant*
      *State Auto Property and Casualty Insurance*
      *Company*